NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

## For the Seventh Circuit
### Chicago, Illinois 60604

Argued January 17, 2018
Decided January 18, 2018

### Before

JOEL M. FLAUM, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

AMY CONEY BARRETT, *Circuit Judge*

| | |
|---|---|
| No. 16-2356 <br><br> WENDELL JOHNSON, <br>     *Petitioner-Appellant,* <br><br>      *v.* <br><br> UNITED STATES OF AMERICA, <br>     *Respondent-Appellee.* | Appeal from the United States District Court for the Southern District of Illinois. <br><br> No. 11-CV-580-NJR <br> Nancy J. Rosenstengel, *Judge.* |

### Order

Wendell Johnson was convicted in 2009 and sentenced to 300 months' imprisonment, the middle of his Guidelines range of 262 to 327 months. That range reflected his extensive criminal history, which led to his classification as a career offender. District Judge Stiehl, who presided, remarked that a long sentence was necessary to protect society from his misconduct. This court affirmed. 624 F.3d 815 (7th Cir. 2010).

In this proceeding under 28 U.S.C. §2255, Johnson contends that his lawyer furnished ineffective assistance at sentencing by failing to contest the presentence report's conclusion that Johnson had been diagnosed with antisocial personality disorder. He

had indeed been so diagnosed, but his new lawyer contends that more work by his former lawyer would have revealed that the diagnosis is incorrect and that Johnson should have been classified as afflicted with posttraumatic stress disorder as a result of his father's violent treatment of him. (His alcoholic father beat the children and fed them alcohol "to calm them down." When Johnson was eight, his father murdered his mother and killed himself a few days later.) Johnson's lawyer at sentencing stressed his unhappy family history and contended that his upbringing drove him to drugs and crime as coping devices. Counsel argued that he deserves lenience. His current lawyer maintains that it would have been better to contest the diagnosis and contend that Johnson has a treatable condition. (The parties tell us that PTSD is treatable while antisocial personality disorder is not.) Judge Rosenstengel, presiding after Judge Stiehl's retirement, concluded that the name attached to Johnson's condition would not have mattered to Judge Stiehl, whose sentence was based on the facts of Johnson's criminal history and his latest crime. 2016 U.S. Dist. LEXIS 47763 (S.D. Ill. Apr. 8, 2016).

We need not add much to Judge Rosenstengel's thorough opinion. Johnson contends on appeal that the court should have held an evidentiary hearing to explore the question whether treatment of PTSD would have reduced the risk of recidivism, for a lower risk means less need to incapacitate the offender. But the evidentiary submissions in this collateral proceeding, which include several reports from mental-health professionals, do not maintain that Johnson's recidivism risk could be materially affected by treatment for PTSD. His condition is not a short-term affliction, nor is his criminal record the work of a few months or years. He has a chronic condition (no matter the label) and has engaged in life-long criminality. Judge Rosenstengel's opinion narrates some of the crimes between Johnson's first conviction (for burglary at age 11) and the current one (for selling cocaine at age 34), with many of the crimes involving "a shocking and disturbing level of violence." 2016 U.S. Dist. LEXIS 47763 at *20; see also *id*. at *19–22. Because Johnson did not try to show in this collateral proceeding how it would have been possible in 2009 to persuade Judge Stiehl that better or different treatment would have produced a lower risk of Johnson's continuing his life of violent crime, there was no disputed issue to hold a hearing about.

AFFIRMED